USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____4/30/20____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: Avaya Inc., *et al.*,

                 Debtor,

---

Alan Wattenmaker,

                 Appellant,

       –v–

Avaya Inc.,

                 Appellee.

19-cv-5987 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

This appeal arises from the Bankruptcy Court's entry of a final decree in the Appellee's Chapter 11 bankruptcy proceedings. A claimant in those proceedings, Mr. Alan Wattenmaker, proceeding *pro se*, challenges the Bankruptcy Court's final-decree decision for various reasons. For the reasons that follow, the Bankruptcy Court's decision is AFFIRMED.

## I.      BACKGROUND

### A.  The Bankruptcy Court's Decisions

The following facts are taken from the Bankruptcy Court's decisions on Avaya's motion for summary judgment, Br. Dkt. Nos. 2329 and 2392, and are undisputed for purposes of this appeal. Avaya hired Mr. Wattenmaker in 1998 and terminated him in 2009. Dkt. No. 2329 at 2. A few years later, he sued Avaya in New York Supreme Court, alleging discrimination based on age, religion, and disability. *Id.* The state court eventually ordered Avaya to, among other things, pay Wattenmaker $92,000 and guarantee him retirement benefits like a pension. *Id.* Wattenmaker however did not get everything he wanted—and he thus appealed that decision to

1

the Appellate Division.  That appeal was stayed when Avaya filed for bankruptcy in the Southern District of New York in 2017.  *Id.* at 3–4.

Wattenmaker then filed a claim in the bankruptcy, seeking the $92,000 and an undetermined amount of retirement benefits and expenses.  *Id.*  Avaya eventually moved for summary judgment as to his claim.  On April 22, 2019, the Court issued a written order partially resolving that motion, allowing parts of Mr. Wattenmaker's claim to proceed as a general unsecured claim.  Dkt. No. 2329 at 13–14.

On April 25, 2019, Avaya filed a motion for a final decree, which would formally bring its bankruptcy proceeding to an end.  Br. Dkt. No. 2330.  Mr. Wattenmaker opposed this motion. Br. Dkt. No. 2347.  The Bankruptcy Court heard oral argument with Wattenmaker present, and made clear to him that it would retain jurisdiction over his claim and the final decree would not affect him.  On June 4, 2019, the Bankruptcy Court entered a final decree in Avaya's bankruptcy case.  Br. Dkt. No. 2369.  On September 16, 2019, the Bankruptcy Court resolved Avaya's motion for summary judgment, concluding that Mr. Wattenmaker did not have a valid claim for attorney's fees or expenses.  *Id.* at 12.

Mr. Wattenmaker appeals the June 4, 2019 entry of a final decree.  This appeal is now before the Court.

## II.    THE BANKRUPTCY COURT'S DECISION IS AFFIRMED

A district court has jurisdiction to hear appeals from final judgments, orders, or decrees by the bankruptcy court under 28 U.S.C. § 158(a)(1).  The reviewing district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  On appeal, Wattenmaker makes two primary arguments: the Bankruptcy Court erred in entering the final decree, and he did not afforded proper notice or an opportunity to be heard on the final-decree motion.  He therefore argues that

the Court should reverse the Bankruptcy Court and remand for further proceedings.

Before diving into these arguments, the Court addresses the standard of review. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." *See In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010). But a bankruptcy court's legal conclusions are reviewed de novo. *Id.*; *In re Quigley Co.*, 449 B.R. 196, 200–01 (S.D.N.Y. 2011) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). Although Appellees argue that the Court should review the Bankruptcy Court's entry of the final decree for abuse of discretion, the Second Circuit has never directly addressed this issue.[1] Ultimately, the Court need not decide which standard of review applies here, because the result is the same even on de novo review.

### A. The Bankruptcy Court Did Not Err in Entering the Final Decree

Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements § 350, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Entry of the final decree "is essentially an administrative task." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999). The final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes." *In re Gould*, 437 B.R. 36 (Bankr. D. Conn. 2010); *accord In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007), *aff'd*, 460 B.R. 397 (Bankr. S.D.N.Y. 2011) ("A final decree is essentially an administrative task, a docket entry reflecting the

---

[1] Nonetheless, the Court notes that the Tenth Circuit Bankruptcy Panel has held, in a persuasive published opinion, that a bankruptcy court's final-decree determination should be reviewed for abuse of discretion. *See In re Union Home & Indus., Inc.*, 375 B.R. 912, 916-19 (B.A.P. 10th Cir. 2007).

conclusion of a case for record-keeping purposes.").  Even after a final decree is entered, a

bankruptcy proceeding can be reopened.  *See* 11 U.S.C. § 350(b).

The Bankruptcy Code and Rules do not define the term "fully administered."  However,

the Advisory Committee Notes to Rule 3022 set forth a series of non-exclusive factors courts

should consider in making this determination:

> (a) whether the order confirming the plan has become final;
> (b) whether deposits required by the plan have been distributed;
> (c) whether the property proposed by the plan to be transferred has been transferred;
> (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
> (e) whether payments under the plan have commenced; and
> (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

These factors are probative to the fully administered inquiry, but none is dispositive or

required.  As the Sixth Circuit has explained, bankruptcy courts determine the entry of a final

decree "on a case-by-case basis and analyz[ing] the factors set forth in Rule 3022, along with any

other relevant factors, in determining whether an estate has been fully administered."  *In re*

*Federated Dep't Stores, Inc.*, 43 Fed. Appx. 820, 822 (6th Cir. 2002); *accord In re Union Home*

*& Indus., Inc.*, 375 B.R. 912, 918 (B.A.P. 10th Cir. 2007) ("The factors listed in the Advisory

Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the

court may find a case to be fully administered.").  In addition to these factors, some bankruptcy

courts have considered whether the debtor has "substantially consummated" the plan of

reorganization.  *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224

(Bankr. W.D.N.Y. 1997).

Here, the Bankruptcy Court entered the final decree and retained jurisdiction over Mr.

Wattenmaker's claim.  Wattenmaker argues however that the Bankruptcy Court should have

"[kept] the case open" and that the Bankruptcy Court "[did] not explain or point to any facts that would allow [it] to come to the conclusion that the Final Decree [was] warranted . . . ." Apt. Br. at 11; Apt. Reply Br. at 2. He also argues that "the Court did not abide by the requirement that the 'Estate is Fully Administered' prior to entering a Final Decree Closing a Case." Apt. Br. at 11.

The Bankruptcy Court, however, properly considered the above factors in entering the decree. The Bankruptcy Court noted that it had "reviewed [Avaya's] Motion . . . [and] determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein." Br. Dkt. No. 2369 at 1–2. In its moving papers, Avaya explained that many of the above factors favored entering a final decree. *See* Br. Dkt. No. 2330. It noted that its Chapter 11 case had been fully administered because, among other things, the confirmation order was final and non-appealable, Avaya had emerged from chapter 11 as a reorganized entity, Avaya had assumed management of the property dealt with by the bankruptcy plan, and Avaya had begun making distribution payments under the plan. *Id.* at 11–12. Additionally, Avaya noted that all but two claims had been fully resolved. *Id.* And Avaya had consulted with the U.S. Trustee and the proceeding's Oversight Administrator, and neither opposed entry of the final decree. *Id.* at 13. Moreover, at the May 30 hearing, the Bankruptcy Court noted that Avaya was paying $250,000 per quarter to the United States Trustee until the entry of the final decree. May 30, 2019 Hearing Tr. (Tr.) at 14:5–7. Additionally, the Court correctly pointed out that there were only two unresolved claims remaining in the proceeding (one of which was Mr. Wattenmaker's). *Id.* 17:3–4. The above factors in the Bankruptcy Rules all therefore counsel in favor of entering the final decree. And outside of conclusory assertions, Mr. Wattenmaker does not challenge any of Avaya's representations. Nor does he raise any legitimate countervailing

factors suggesting that the Bankruptcy Court should have postponed entry of the final decree.

Mr. Wattenmaker suggests in his briefing that the entry of the final decree adversely affected his claim. However, the Bankruptcy Court retained jurisdiction over Mr. Wattenmaker's claim, and informed him that entry of the final decree would not affect him. *See* Tr. at 25:7–25:10 ("Your case will go on . . . This doesn't affect your case."). Indeed, the Bankruptcy Court issued its final opinion resolving Avaya's motion for summary judgment *after* it entered the decree. See Br. Dkt. No. 2392. Mr. Wattenmaker also argues that entry of the final decree "removes financial pressure from Avaya to settle outstanding claims." Apt. Reply Br. at 1. But he does not explain why this is so. To the contrary, after the decree was entered, the Bankruptcy Court still had the power to enter judgment against, and impose monetary liability on, Avaya arising out of his claim.

Nor did the Bankruptcy Court err in entering the final decree merely because Mr. Wattenmaker's claim remained unresolved. To the contrary, the Bankruptcy Rules Advisory Committee has explained that "[t]he court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022 (Advisory Committee Notes). The Tenth Circuit Bankruptcy Panel has likewise held that "[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'" *In re Union Home & Indus., Inc*., 375 B.R. at 918. This persuasive authority directly forecloses Mr. Wattenmaker argument.

In sum, the Bankruptcy Court held that "Mr. Wattenmaker ha[s] failed to demonstrate any prejudice or meritorious argument in support of his request for a delay" of the entry of the decree. Br. Dkt. No. 2369 at 2. The same is true on appeal. The Court concludes that, on de novo review, the Bankruptcy Court did not err in concluding that Avaya's bankruptcy

proceeding was fully administered and entering the final decree.

**B. The Bankruptcy Court Provided Sufficient Notice and an Opportunity to be Heard**

Mr. Wattenmaker further argues that he was provided insufficient notice of the final decree's entry. Apt. Reply. Br. at 2. And he claims that he "DID NOT have an unencumbered opportunity to oppose the Final Decree" and "was NOT afforded proper, fair, and equal justice and due process under the Law." *Id.*

The Court rejects this argument. Avaya moved for a final decree on April 25, 2019. Br. Dkt. No. 2330. Mr. Wattenmaker received notice of this motion—indeed, less than a month later, he filed an objection. Br. Dkt. No. 2350. The Bankruptcy Court then scheduled a hearing, at which Mr. Wattenmaker was present, spoke at length, and presented his argument to the Bankruptcy Court. *See* May 30, 2019 Transcript. The Court rejected his request and explained its reasoning. *Id.* Mr. Wattenmaker fails to explain why this constitutes insufficient notice or opportunity to be heard. And on an independent review, the Court discerns no tenable argument along these lines. The Bankruptcy Court thus afforded him the process he was due.

**III. CONCLUSION**

For the reasons stated above, the Bankruptcy Court's decision is AFFIRMED in full. The Clerk of Court is directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Opinion and Order to the pro se Appellant, and to note that mailing on the public docket.

SO ORDERED.

Dated:   April 30, 2020
    New York, New York

_____
ALISON J. NATHAN
United States District Judge

8